UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT MEADOWS,

       Plaintiff,                         CASE NO. 21-11747
v.                                       HON. DENISE PAGE HOOD

MELISSA SCHWARTZ, BRIAN
HARTWELL, and COURTNEY MORGAN,
in their official capacities, and MICHAEL
L. STEINBERG, in his individual capacity,

       Defendants.
_____/

**ORDER GRANTING MOTION TO DISMISS FILED BY
DEFENDANTS SCHWARTZ, HARTWELL, and MORGAN (ECF No. 24)
and
ORDER DENYING AS MOOT REQUEST FOR DEFAULT
JUDGMENT FILED BY PLAINTIFF (ECF No. 27)
and
ORDER TO SHOW CAUSE WHY THIS CASE SHOULD
NOT BE DISMISSED AS TO MICHAEL L.
STEINBERG FOR FAILURE TO PROSECUTE**

I.     INTRODUCTION

*Pro se* Plaintiff Robert Meadows filed this 42 U.S.C. § 1983 action on July 13, 2021. On January 3, 2022, after previously filing an answer to Plaintiff's complaint, Defendants Melissa Schwartz, Brian Hartwell, and Courtney Morgan filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6). (ECF No.

24). Plaintiff timely filed a response affidavit. (ECF No. 25). On January 24, 2022, Plaintiff filed a Request for Default Judgment against Defendants Schwartz, Hartwell, and Morgan (ECF No. 27), and those Defendants filed a response to the Request. (ECF No. 28). The Court, having reviewed the briefs, concludes that the decision process would not be significantly aided by oral argument and will decide the Motion to Dismiss and the Request for Default Judgment on the briefs and papers submitted by the parties. E.D. Mich. L.R. 7.1(f)(2). For the reasons set forth below, the Court grants the Motion to Dismiss and denies as moot the Request for Default Judgment.

## II.    BACKGROUND

This action arose out of a traffic stop of Plaintiff by Hazel Park police on January 17, 2020. The traffic stop resulted in Plaintiff being arrested and charged with one count of Operating under the Influence of Alcohol/Liquor. (ECF No. 1, PageID.4; ECF No. 11, PageID.47; ECF No. 24, Ex. A (Register of Actions)). At a hearing held in Oakland County 43rd District Court (Hazel Park) on September 3, 2020, Defendant Judge Brian Hartwell denied Plaintiff's Motion to Suppress and Dismiss Charges in the criminal case. (ECF No. 1, PageID.4; ECF No. 11, PageID.48). Plaintiff subsequently filed a claim of appeal with the Michigan Court of Appeals that was dismissed for lack of jurisdiction. (*Id.*; ECF No. 24, Ex. B, (9/29/20 Order)).

Over the next year, Plaintiff's court proceedings were continued largely due to the COVID-19 pandemic. Plaintiff was out on bond for the majority of that time period, but Judge Hartwell entered an Order on July 1, 2021 revoking Plaintiff Meadows' bond and issuing a warrant for his arrest after he failed to appear for a pretrial hearing. (ECF No. 24, Ex. C (7/1/21 Order)).

On July 13, 2021, Plaintiff filed this federal cause of action alleging violations of his constitutional rights in the criminal case. (ECF No. 1). Plaintiff seeks reinstatement of his bond, reimbursement of all fees and expenses associated with the 43rd District Court case, and other relief. *Id.* Plaintiff's criminal proceeding in 43rd District Court remains pending.

## III.   APPLICABLE LAW

The Motion to Dismiss is premised on the failure to state a claim upon which relief can be granted, and Defendants cite Federal Rule of Civil Procedure 12(b)(6) (and 12(b)(1)). As discussed below, although the Rule 12(b)(6) standard is the appropriate standard to be used, the motion to dismiss should have been filed as a motion for judgment on the pleadings pursuant to Rule 12(c) because Defendants filed their Answer to the Complaint before filing the Motion. See Rule 12(b) ("A motion asserting any of these defenses [under Rule 12(b)] must be made before pleading if a responsive pleading is allowed."); Rule 12(b)(c) ("After the pleadings are

3

closed—but early enough not to delay trial—a party may move for judgment on the pleadings."). In deciding a motion brought pursuant to Rule 12(c), the standard is the same as that used in evaluating a motion brought under Fed.Civ.P. 12(b)(6). *See, e.g., Stein v U.S. Bancorp, et. al*, 2011 U.S. Dist. LEXIS 18357, at *9 (E.D. Mich. February 24, 2011). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. The Court must accept all well-pleaded factual allegations as true and review the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). As a general rule, to survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Id*. at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

IV.     ANALYSIS

A.      **Motion to Dismiss**

In *Younger v. Harris,* 401 U.S. 37, 44 (1971), the U.S. Supreme Court first affirmed the need for federal courts to abstain from interfering with ongoing state criminal proceedings. The *Younger* court emphasized that "extraordinary circumstances must be present to justify federal injunctive relief against state criminal prosecutions." *Id.* at 46. *See also O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008); *Sun Ref. & Mktg. Co. v. Brennan*, 921 F.2d 635, 639–40 (6th Cir. 1990); *J.P. v. DeSanti*, 653 F.2d 1080, 1084 (6th Cir. 1981) (concluding that "even minimal interference with a pending state proceeding" requires abstention). The Sixth Circuit applies this doctrine "when there is an ongoing state criminal prosecution." *Aaron v. O'Connor*, 914 F.3d 1010, 1016 (6th Cir. 2019) (quoting *Doe v. Univ. of Kentucky*, 860 F.3d 365, 369 (6th Cir. 2017)).

Defendants argue, and Plaintiff does not dispute, that the criminal case against Plaintiff remains pending in 43rd District Court. No judgment has been entered, nor have the charges been dropped. Plaintiff's claims challenge decisions made by Defendant Hartwell, such that Plaintiff seeks to have his bond reinstated and the criminal case dismissed. Those requests, however, must be made in the 43rd District Court proceeding. Any efforts to do so in this Court are nothing more than requests

5

to have this Court interfere with the state court proceedings, in direct conflict with the *Younger* abstention doctrine. The Court also notes that the 43rd District Court case was filed against Plaintiff over 18 months before Plaintiff filed the instant cause of action. Ever since the state court case was filed and since each challenged action, Plaintiff has had the right to raise in the state court proceedings the same constitutional challenges he raises in this federal case. The Court also finds that Plaintiff has not offered any – and there are no – "extraordinary circumstances" that justify this Court's interference with criminal prosecution of Plaintiff in the 43rd District Court. *See Younger, supra*.

For these reasons, the Court finds that the key issues of this case are more appropriately brought in the pending 43rd District Court action. Accordingly, the Court concludes that the abstention doctrine compels this Court to abstain from interfering with the state court proceedings in 43rd District Court. The Motion to Dismiss filed by Defendants Schwartz, Hartwell, and Morgan is granted, and they are dismissed from this case.

**B.      Request for Default Judgment**

As Defendants Schwartz, Hartwell, and Morgan have been dismissed from this case, the Court denies as moot Plaintiff's Request for Default Judgment against Defendants Schwartz, Hartwell, and Morgan.

### C.  Show Cause

In reviewing the docket in conjunction with the above filings, the Court finds that there is no evidence that Defendant Michael L. Steinberg has ever been served with a summons and complaint. The docket indicates a summons and complaint was mailed to Defendant Steinberg on August 23, 2021 (ECF No. 6), but there is no indication from the docket that Defendant Steinberg signed for or acknowledged receipt of the summons and complaint. The period for serving Defendant Steinberg expired on or about November 12, 2021, approximately four months ago.

It also is not clear to the Court that it continues to have – or that the Court should continue to exercise – subject matter jurisdiction over Plaintiff's cause of action. The state actor defendants (Schwartz, Hartwell, and Morgan) have been dismissed, and Defendant Steinberg, alleged to have been representing Plaintiff as a public defender, is not a state actor. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 314 (1981). **Accordingly, the Court orders Plaintiff to show cause why his cause of action against Defendant Michael L. Steinberg should not be dismissed for failure to prosecute and absence of federal subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) or 1332 (diversity of parties). Plaintiff must file a written response to this order to show cause on or before April 25, 2022.**

## V.    CONCLUSION

Accordingly, for the reasons stated above,

IT IS ORDERED that the Motion to Dismiss filed by Melissa Schwartz, Brian Hartwell, and Courtney Morgan (ECF No. 24) is GRANTED. The hearing set for April 8, 2022 is CANCELED.

IT IS FURTHER ORDERED that the Request for Default Judgment filed by Plaintiff as to Defendants Melissa Schwartz, Brian Hartwell, and Courtney Morgan is DENIED AS MOOT.

**IT IS FURTHER ORDERED that Plaintiff SHALL SHOW CAUSE WHY DEFENDANT MICHAEL L. STEINBERG SHOULD NOT BE DISMISSED FROM THIS CAUSE OF ACTION**. **Plaintiff's response to the Order to Show Cause shall be filed in writing, on or before April 25, 2022.**

IT IS ORDERED.

Dated: April 1, 2022

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge